UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLARD WILLIAMS,

                                                                                    14-CV-1127 (RPP)

                            Petitioner,

       -against-

                                                    **OPINION & ORDER**

ANTHONY J. AMNUCI, Commissioner,
N.Y. State Dept. of Corrections and
Community Supervision,
                            Respondent.
------------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

       On February 24, 2014, Petitioner Willard Williams, pro se, submitted a habeas corpus petition under 28 U.S.C. § 2254. (Pet. for Writ of Habeas Corpus ("Pet."), ECF No. 2.) The Respondent, by Robert T. Johnson, District Attorney, Bronx County, submitted a memorandum of law in opposition to Williams's petition on April 25, 2014. (Mem. of Law in Opp'n ("Opp'n Mem."), ECF No. 8.)

       For the reasons set forth below, Williams's petition is DENIED on the merits in its entirety.

       **I.    BACKGROUND**

       Williams was convicted of sexual abuse in the first degree and assault in the third degree, after pleading guilty on April 13, 2007 before the Honorable John Moore in Supreme Court, Bronx County. (See Decl. in Opp'n of Orrie A. Levy ("Levy Decl.") Ex. 2, Tr. of Plea Proceedings, ECF No. 7.) On September 13, 2007, Williams was sentenced to an agreed-upon term of ten years' probation. (Levy Decl. Ex. 3, Tr. of Sentencing on Sept. 13, 2007.) He did not appeal this conviction or sentence. On October 9, 2007, Williams appeared before Judge

1

Moore again for a Sexual Offender Risk Assessment ("SORA") hearing, where he was designated as a level three sex offender. (Levy Decl. Ex. 4, Tr. of SORA Hr'g on Oct. 9, 2007 ("SORA Tr.").)

On March 30, 2010, Williams pled guilty to violating the terms of his probation, and his probation was revoked. (Levy Decl. Ex. 5, Tr. of Probation Hr'g on April 13, 2007.) Williams's 2007 sentence was vacated and he was resentenced to three years of imprisonment and three years of post-release supervision. (Id.) This resentence was affirmed by the Appellate Division, First Department, on May 31, 2011, and the Court of Appeals denied him leave to appeal on August 12, 2011. See People v. Williams, 924 N.Y.S.2d 914 (App. Div. 2011), leave denied, 17 N.Y.3d 823 (2011).

On March 7, 2012 and July 9, 2012, Williams filed two motions pursuant to N.Y.C.P.L. § 440.10, which were consolidated by the trial court. These motions were denied in an Order by Judge Moore on June 10, 2013. (See Levy Decl. Ex. 12, Order of Hon. John S. Moore on June 10, 2013 ("June 10, 2013 Order").) Judge Moore found that Williams's claims pertaining to the violation of probation hearing were procedurally barred pursuant to N.Y.C.P.L. § 440.10(2)(a)[1] because, in affirming Williams's resentence, the Appellate Division "specifically ruled on this precise issue." (Id. at 9.) Judge Moore held that Williams's other claims, which related to Williams's plea, sentence, and SORA hearing, were procedurally barred pursuant to N.Y.C.P.L. § 440.10(2)(c)[2] because the claims were "record based and could have been raised upon appeal."

---

[1] N.Y.C.P.L. § 440.10(2)(a) states that:

> [T]he court must deny a motion to vacate when . . . . [t]he ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue.

[2] N.Y.C.P.L. § 440.10(2)(c) states that:

> [T]he court must deny a motion to vacate when . . . . [a]lthough sufficient facts appear on the record of the

(Id. at 13-17.)  In addition to finding that Williams's claims were procedurally barred, Judge Moore addressed and rejected each of Williams's claims on the merits.[3]  (Id. at 9-17.)  Williams requested leave to appeal Judge Moore's Order, which the Appellate Division denied on November 14, 2013.

## II.     DISCUSSION

In the instant petition, Williams is proceeding under 28 U.S.C. § 2254, which entitles a petitioner in custody pursuant to a state court judgment to habeas relief only if he can show that his detention violates the U.S. Constitution or the laws or treaties of the United States.  28 U.S.C. § 2254(a).  Williams is proceeding pro se, so the Court will construe his submissions liberally "to raise the strongest arguments that they suggest."  Diaz v. United States, 517 F.3d 608, 613 (2d Cir. 2008) (citation omitted).

In his petition, Williams raises the following claims: (1) the plea bargain that resulted in his conviction was not in his best interest; (2) his plea counsel did not inform him of the consequences of his plea; (3) his plea counsel failed to move to withdraw his plea; (4) he was erroneously classified as the highest level sex offender; (5) he was not represented by counsel when he was taken into custody for violating the terms of his probation; (6) no Declaration of Delinquency was presented or signed at that time; (7) no warrant was issued for his arrest at that

---

proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him.

[3] The claims raised by Williams in his § 440.10 petition were identical to the claims that are now raised in this instant petition.  Accordingly, Williams's claims are "exhausted" for federal habeas purposes.  See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.").  The state court addressed all of Williams's claims procedurally and on the merits, with the exception of Williams's claim that his counsel failed to appeal his SORA adjudication, which was not explicitly addressed by the state court.  (See June 10, 2013 Order.)

3

time; (8) no Specification of Alleged Violation of Probation was presented; (9) he was deprived of the right to present witnesses or evidence at the violation of probation hearing; (10) he received ineffective assistance of counsel at his plea, SORA hearing, and violation of probation hearing; and (11) counsel for his SORA hearing failed to appeal his SORA hearing.  Williams raised identical claims in his § 440.10 petition, and all of Williams's claims, with the exception of the claim that Williams's counsel failed to appeal his SORA hearing, were explicitly addressed and rejected by the state court.  For the following reasons, none of Williams's claims entitle him to § 2254 relief.

> A. *Williams's first ten claims fail because they were rejected by the state court based on an independent and adequate procedural bar*

In ruling on Williams's § 440.10 petition, the state court held that "most of the defendant's instant claims are procedurally barred." (June 10, 2013 Order at 8-9.)  The state court relied on N.Y.C.P.L. § 440.10(2)(c) to reject Williams's claims that his plea was not beneficial, that he was unaware of the terms and consequences of the plea, that no pre-trial motions were filed, and that counsel failed to move to withdraw the plea, finding that these claims were essentially an attack on the sufficiency of the allocution before sentence and, thus, were required to be raised on direct appeal.  (See id. at 9.)  The state court also rejected Williams's claims regarding the SORA hearing and Williams's claims that his counsel was ineffective, finding that these claims were also required to be raised on direct appeal.  (Id. at 16-17.)  Additionally, the state court relied on N.Y.C.P.L. § 440.10(2)(a) to reject Williams's claims regarding the propriety of the violation of probation hearing and the sentencing court's ability to impose Williams's resentence, finding that, because the Appellate Division had already addressed these issues, Williams could not seek a ruling on the same issues in a § 440.10 petition.  (Id. at 9.)

4

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 731 (1991). Where a state court rejects a petitioner's claim because the petitioner failed to comply with a state procedural rule, the procedural default may constitute an adequate and independent ground for the state court decision. See id. at 731-32. A claim resolved on such independent and adequate procedural grounds is not subject to habeas review, unless the habeas petitioner can show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claim will result in a 'fundamental miscarriage of justice.'" Harris v. Reed, 489 U.S. 255, 262 (1989) (citations omitted).

Under Second Circuit precedent, a state court's reliance on N.Y.C.P.L. § 440.10(2)(c) and N.Y.C.P.L. § 440.10(2)(a) serves as independent and adequate procedural grounds to support the state court's judgment. See e.g., Felder v. Good, 564 F. Supp. 2d 201, 215 (S.D.N.Y. 2008) (citing Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997)); D'Alessandro v. Fischer, No. 01-CV-2551(LTS/DF), 2005 WL 3159674, at *19 (S.D.N.Y. Nov. 28, 2005) ("[T]he trial court's express reliance on CPL § 440.10(2)(a) indicates that the court rejected Petitioner's ineffective assistance claim on an independent and adequate state procedural ground, precluding federal habeas review."). Because the state court properly relied on these provisions to reject most of Williams's claims in Williams's § 2254 petition, Williams's first ten claims are procedurally barred from consideration, absent a showing of cause and prejudice or a "fundamental miscarriage of justice." See Harris, 489 U.S. at 262. Here, Williams has made no such showing. (See Pet.)

Accordingly, most of Williams's claims are procedurally barred from consideration by

this Court. Specifically, Williams's first ten claims—including claims related to his plea bargain, claims related to his SORA classification, claims related to his probation violation hearing and resentence, and ineffective assistance claims—all fail because they were rejected by the state court based on an independent and adequate procedural bar.

### B. Williams's first ten claims also fail because they were adjudicated and rejected in state court on the merits

In addition to rejecting Williams's first ten claims on procedural grounds, the state court also rejected the first ten claims in Williams's § 440.10 petition on the merits.[4] (See June 10, 2013 Order at 9.) By its terms, § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 784 (2011). These exceptions allow relitigation of a claim adjudicated on the merits, only if adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," 28 U.S.C. § 2254(d)(1), or if it was "based on an unreasonable determination of the facts" in light of the record before the state court. 28 U.S.C. §

---

[4] Specifically, with respect to the probation hearing, Judge Moore held that there was no legal requirement "that the particular judge who took the plea and imposed the original sentence preside over the violation of probation hearing" (June 10, 2013 Order at 11); that the court's file "clearly reflects" that Williams was brought before the court promptly, that he was afforded counsel on the day he was arrested, and that the judge signed and filed the Declaration of Delinquency (id. at 11-12); that Williams received the effective assistance of counsel at the probation violation hearing and the bases of the violation of probation were valid (id. at 12-13); and that the court "in resentencing the defendant upon his Violation of Probation, properly sentenced defendant to a determinate term of incarceration that included a period of post release supervision." (Id. at 13.) With respect to Williams's claims regarding his plea and sentence, Judge Moore rejected Williams's allegations that defense counsel negotiated a plea bargain that was not in his best interest, finding that "[o]n the contrary, Mr. Goldberg negotiated a very advantageous plea" for Williams (id. at 13); rejected Williams's allegations that he was misled by counsel because he thought he was going to be sentenced to five years of probation instead of ten as "wholly without merit" and "belied by record" (id.); and noted that he had reviewed the plea allocution and sentencing minutes and found that the defendant was properly advised of his rights and the consequences of pleading guilty, and that the pleas "were in all regards knowing, intelligent, and voluntary." (Id.) Williams's allegations that defense counsel failed to file pre-trial motions; that counsel failed to obtain a plea withdrawal; and that counsel did not discuss the desirability of a plea bargain with Williams were similarly rejected as "belied by the court records." (Id. at 15-16.) Judge Moore also rejected Williams's complaints regarding defense counsel's representation at the SORA hearing, finding that "the People did in fact meet their burden and defense counsel appropriately challenged those areas of the risk assessment instrument that were in question." (Id. at 16.)

2254(d)(2); see also Harrington, 131 S. Ct. at 785.

"To be 'contrary to' clearly established law, a state court must reach a conclusion of law antithetical to a conclusion of law by the Supreme Court, or decide a case differently than the Supreme Court has when the two cases have 'materially indistinguishable facts.'" Rosario v. Ercole, 601 F.3d 118, 123 (2d Cir. 2010) (citing Williams v. Taylor, 529 U.S. 362, 412-13 (2000)).

Here, the state court's determinations on the merits were neither contrary to, nor an unreasonable application of, Supreme Court precedent.  With respect to the state court's analysis of Williams's ineffective assistance claims, the state court's determination was not an unreasonable application of the standard set out in Strickland v. Washington, 466 U.S. 668 (1994).  See Harrington, 131 S. Ct. at 785 ("The pivotal question is whether the state court's application of the Strickland standard was unreasonable."); see also id. ("For purposes of § 2254(d) . . . [a] state court must be granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself.").  Here, the state court cited both the state and federal standards governing ineffective assistance of counsel claims (see June 10, 2013 Order at 6-7), and reasonably found that each of Williams's ineffective assistance claims was undermined by the record and without merit.  This determination precludes federal habeas review, so long as "fairminded jurists could disagree" on the correctness of the state court's decision, Yarborough v. Alvarado, 541 U.S. 652, 664 (2004), and that test is met here.

With respect to Williams's other claims, Williams's petition does not cite to any Supreme Court precedent that the state court failed to apply.  See 28 U.S.C. 2254(d)(1).  Further, there is no showing that the state court's determination was based on an "unreasonable determination of the facts," in light of the record before the state court.  See 28 U.S.C. § 2254(d)(2).  In fact,

7

Williams does not rebut the facts cited from the record that the state court cited to support its determination that Williams's claims were all without merit. (See Pet.) Upon review of the record submitted here, the Court finds that the state court's merit-based determinations were not an "unreasonable determination of the facts in light of the evidence presented in the [s]tate court proceeding." 28 U.S.C. § 2254(d)(2).

Accordingly, Williams has not established that either of the exceptions in §§ 2254(d)(1) and (d)(2) apply to the state court's adjudication of his claims on the merits. Thus, the state court's determinations on the merits, with respect to the first ten claims in Williams's § 2254 petition, are barred from relitigation by this Court.

### C. Williams's claim that counsel failed to appeal his SORA hearing fails because it is not a cognizable federal claim and because it lacks merit

Williams's claim that his counsel failed to appeal his SORA hearing, as per Williams's alleged request, was not explicitly addressed by the state court in the June 10, 2013 Order. However, Williams does not point to any federal case where counsel was held ineffective for failing to heed a client's request to appeal a SORA adjudication. (See Pet.) Accordingly, Williams did not establish with this claim that "he is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2254(a), and, thus, he is not entitled to habeas relief on this basis.

Moreover, there is no merit to Williams's claim. Williams has not brought forward any facts to show that his SORA adjudication was incorrect, and the record suggests that his counsel did not find any non-frivolous issues that could have been raised on appeal. (SORA Tr. at 8 (Williams's counsel stated that the number of victims calculated in the risk level number was "the only thing that [he saw] that may, in fact be scored incorrectly" and that, if this were an actual error, it would not "make a difference in the net result").) The Court's independent review

of the record indicates that the SORA ruling was in accordance with the law and should not be disturbed. Thus, there is no showing that Williams's counsel was ineffective for failing to appeal it. See United States v. Arena, 180 F.3d 380, 396 (2d Cir. 1999) (an attorney's "[f]ailure to make a meritless argument does not amount to ineffective assistance").

Accordingly, Williams's claim that his counsel failed to appeal his SORA hearing does not entitle Williams to habeas relief.

### III.   CONCLUSION

For the reasons stated above, Williams's habeas petition is DENIED. As Williams's habeas petition makes no substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Opinion and Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

IT IS SO ORDERED.

Dated: New York, New York
September 4, 2014

                                                ___s/s_____
                                                  Robert P. Patterson, Jr.
                                                  U.S.D.J.

Copies of this Opinion sent to:

**Willard Williams**
1880 Valentine Ave. #407
Bronx, NY 10457

**Orrie Adam Levy**
Bronx County District Attorney's Office
198 East 161st Street
Bronx, NY 10451
Email: levyo@bronxda.nyc.gov